

**Jason D. Jones**
Partner

T 212.813.8279
jjones@fzlz.com

151 West 42nd Street, 17th Floor
New York, NY 10036

December 31, 2021

**BY ECF**

Hon. James L. Cott
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Atlus Co, Ltd. v. John Doe 1 d/b/a Rekuiemu Games and John Doe 2 d/b/a COMP_hack*
        Case No. 1:21-cv-11102 (ALC)(JLC)

Dear Judge Cott:

We represent Plaintiff Atlus Co., Ltd. ("Atlus") in the above-captioned case, which was filed on December 28, 2021. We write pursuant to Rule II(B)(1) of Your Honor's Individual Practices to request a pre-motion conference to file a motion for leave to conduct expedited discovery so that Atlus may immediately serve third-party subpoenas aimed at identifying and locating the John Doe Defendants in this case. Given that Atlus does not yet know the identities of the John Doe Defendants, there is no opposing party or counsel to confer with pursuant to Your Honor's Individual Rule II(B)(1) and SDNY Local Rule 37.2.

### I.   Brief Factual Background

Atlus is a developer, publisher and distributor of video games. (ECF No. 1 ("Compl.") ¶ 11.) Atlus has brought this case against the John Doe Defendants based on their blatant infringement of Atlus' copyright in its video game titled *Shin Megami Tensei: Imagine* (the "*Imagine* Game").

As detailed in the Complaint, the *Imagine* Game takes place in a post-apocalyptic world following a war that has devastated humanity and resulted in an invasion of demons. (Compl. ¶ 13.) The *Imagine* Game is a "massively multiplayer online role-playing game," a type of game in which large numbers of players throughout the world are able simultaneously to play the game in an online world made possible by an official game server authorized and operated by Atlus (the "*Imagine* Server"). (*Id.* ¶ 19.) To access the *Imagine* Game, players would visit Atlus' official website associated with the game (the "*Imagine* Website"), which featured, among other things, original banner artwork depicting characters, creatures, and scenery from the *Imagine* Game. (*Id.* ¶¶ 21-22.) The *Imagine* Website contained a link allowing users to download the *Imagine* Game and also connect to the *Imagine* Server—where they could then play the game online with other players. (*Id.* ¶ 21.)

Hon. James L. Cott
December 31, 2021
Page 2

The *Imagine* Game was created and first released in Japan in 2007, and subsequently released in North America in 2008. (*Id.* ¶ 17.) Atlus co-owns the copyright in the entire *Imagine* Game and in the *Imagine* Website along with Cave Interactive Co., Ltd. ("Cave"), another Japanese video game developer. (*Id.* ¶¶ 18, 23.) The *Imagine* Game was an international success during the nine years it was offered by Atlus. (*Id.* ¶ 20). In May 2016, Atlus made the decision to shut down service for and cease distribution of the *Imagine* Game, along with the *Imagine* Website and *Imagine* Server. (*Id.* ¶¶ 2, 24.)

In violation of U.S. copyright law, the Doe Defendants in this case—by their own admission—have decided to "resurrect" the *Imagine* Game. They have done this by (1) John Doe 1 (using the name "Rekuiemu Games") creating and operating an exact copy of the original *Imagine* Website at the url *https://rekuiemu.net/* (the "Infringing Website") (Compl. ¶¶ 25-30); (2) John Doe 1 creating and distributing via the Infringing Website an exact or nearly exact copy of the original *Imagine* Game for users to download (the "Infringing Game") (*id.* ¶¶ 31-36); and (3) John Doe 2 (using the anonymous names "COMP_hack" and/or "compomega") creating and distributing an unauthorized web server that emulates the original *Imagine* Server and enables the Infringing Game to be publicly displayed and played online with other users (the "Infringing Server") (*id.* ¶¶ 37-41.) The Infringing Server is hosted on GitHub, Inc. ("GitHub")—an online platform that enables software developers to make their software coding projects publicly available. (*Id.* ¶ 39.)

The Defendants' infringement is blatant. Defendant John Doe 1 does not hide the fact that the Infringing Website is a copy of the original *Imagine* Website. Indeed, the Infringing Website retains the original copyright attribution from the *Imagine* Website, stating at the bottom that the Infringing Website is "Copyright (C) ATLUS". (Compl. ¶ 28.) However, Defendant John Doe 1 has also added its own copyright information, falsely claiming that the website is also "Copyright (C) REKUIEMU". (*Id.* ¶ 28.) Moreover, according to the GitHub webpage where the Infringing Server is maintained, John Doe 2 states that the Infringing Server was created "to revive an MMO [massively multiplayer online game] that has been shutdown (SMT: IMAGINE)"—with "SMT: IMAGINE" meaning Atlus' *Shin Megami Tensei: Imagine* game. (*Id.* ¶ 40.)

Based on the foregoing, Atlus filed this action against the two John Doe Defendants. As to Defendant John Doe 1, the Complaint asserts three claims, namely: (i) direct copyright infringement of both the *Imagine* Game and the *Imagine* Website arising out of the creation, display, and distribution of the Infringing Website and the Infringing Game in violation of the U.S. Copyright Act (Counts I and II), and (ii) violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202(a), arising out of the inclusion of false copyright management information on the Infringing Website (Count III). (*Id.* ¶¶ 45-69.) As to Defendant John Doe 2, the Complaint asserts a claim for contributory copyright infringement arising out of the creation and operation of the Infringing Server in order to facilitate, assist, and materially contribute to John Doe 1's infringement of the *Imagine* Game by allowing the Infringing Game to be publicly displayed online and simultaneously played by users all over the world (Count IV). (*Id.* ¶¶ 38, 70-77.)

Hon. James L. Cott
December 31, 2021
Page 3

## II.   The Basis and Need For Atlus' Motion For Expedited Discovery

The John Doe Defendants have carefully shielded their identities from the public (and from Atlus). The Infringing Website, which upon information and belief is owned and/or operated by John Doe 1 using the name "Rekuiemu Games", contains no name, physical address, email address, telephone number, or other identifying information for John Doe 1 and, moreover, Atlus has not located any business entity named "Rekuiemu Games" or "Rekuiemu". Defendant John Doe 2 uses the anonymous GitHub user/account names "COMP_hack" and "compomega" and the GitHub page where the Infringing Server is maintained contains no information sufficient to identify or locate Defendant John Doe 2. Accordingly, Atlus seeks leave to serve expedited, targeted third-party subpoenas on (i) Deluxe Corporation d/b/a ColoCrossing (the internet service provider ("ISP") hosting the Infringing Website) and (ii) GitHub (the platform where the Infringing Server is hosted), seeking information sufficient to identify each John Doe Defendant. The subpoenas are necessary to determine the Defendants' true identities and effect service on the Defendants—which would be sole purpose of the subpoenas.

In determining whether to allow expedited discovery prior to the Rule 26(f) conference, "courts apply a flexible standard of reasonableness and good cause" and have permitted expedited discovery "to determine the identity of John Doe Defendants where the plaintiff has stated a prima facie case and is unable to identify the defendants without a court-ordered subpoena." *adMarketplace, Inc. v. Tee Support, Inc*., 13-CV-5635 (LGS), 2013 WL 4838854, at *2 (S.D.N.Y. Sept. 11, 2013). Expedited discovery "is routinely granted in actions involving infringement and unfair competition." *Benham Jewelry Corp. v. Aron Basha Corp*., 97-CV-3841 (RWS), 1997 WL 639037 at *20 (S.D.N.Y. Oct. 14, 1997). Courts looks to five factors as a guide to whether good cause exists, namely: (1) whether the plaintiff has stated a prima facie claim of infringement, (2) the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the case, and (5) the defendant's expectation of privacy. *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010). Here, these factors weigh in favor of expedited discovery.

***Atlus Has Stated Prima Facie Claims.*** Atlus has stated a *prima facie* claim of direct copyright infringement against Defendant John Doe 1. The Complaint alleges that the *Imagine* Game and the *Imagine* Website are original and creative works of visual art protected under U.S. Copyright law and that the copyrights are co-owned by Atlus and Cave.[1] (Compl. ¶¶ 18, 23, 46, 55); *Davis v. Blige*, 505 F.3d 90, 99 (2d Cir. 2007) (copyright co-owners may pursue claims for

---

[1] While the *Imagine* Game and *Imagine* Website were first published in Japan (Compl. ¶¶ 17, 23), because Japan and the United States are both parties to several multilateral copyright conventions and treaties, these works are protected under U.S. Copyright law. 17 U.S.C. § 104(b)(2); *Hasbro Bradley, Inc. v. Sparkle Toys, Inc*., 780 F.2d 189, 192-93 (2d Cir. 1985) ("Since the toys were authored by a Japanese national and first 'published' in Japan, they enjoyed copyright protection under United States law from the moment they were created by virtue of both § 104(b) of the [U.S. Copyright Act] and Article II(1) of the U.C.C. [Revised Universal Copyright Convention].") Moreover, because the *Imagine* Game and *Imagine* Website are not "United States works" (*i.e*., not first published in the United States), the works are not required to be registered with the U.S. Copyright Office in order to file a lawsuit for infringement of the works.  *See* 17 U.S.C. § 411, § 101 (definition of "United States work.")

Hon. James L. Cott
December 31, 2021
Page 4

infringement "independently of co-owners"). The Complaint also alleges that John Doe 1 has, without authorization, copied the *Imagine* Website and the *Imagine* Game by creating and distributing the Infringing Website and Infringing Game, respectively. (*Id*. ¶¶ 26-36, 48, 57.) Those allegations state a *prima facie* claim of copyright infringement. *See Cengage Learning, Inc. v. Wang*, 17-CV-4914 (JFK), 2017 WL 11570668, at *1 (S.D.N.Y. Sept. 14, 2017).

Atlus has also stated a *prima facie* claim against Defendant John Doe 1 for violation of the DMCA by alleging that John Doe 1 knowingly inserted false copyright management information onto the Infringing Website for the purpose of concealing their infringement of the *Imagine* Website. (Compl. ¶¶ 28, 64-65); *see, e.g.*, *Wood v. Observer Holdings, LLC*, 20-CV-7878 (LLS), 2021 WL 2874100, at *5-6 (S.D.N.Y. July 8, 2021).

Finally, Atlus has stated a *prima facie* claim for contributory copyright infringement against Defendant John Doe 2. The Complaint alleges that Defendant John Doe 2 created and now operates the Infringing Server, which was designed to emulate the original *Imagine* Server, in order to facilitate, assist, and materially contribute to the unauthorized public display and public performance of the Infringing Game online so that it can be simultaneously played by users all around the world. (Compl. ¶¶ 38-41, 71-74.) In other words, John Doe 2 has knowingly encouraged, assisted, and materially contributed to Defendant John Doe 1's infringement of the *Imagine* Game by providing the mechanism (*i.e.,* the Infringing Server) that facilitates the unauthorized public display and public performance of the Infringing Game. (*Id*. ¶ 38, 72.) Those allegations state a *prima facie* claim of contributory copyright infringement. *See, e.g.*, *Arista Records LLC v. Usenet.com, Inc*., 633 F. Supp. 2d 124, 154-56 (S.D.N.Y. 2009).

***Atlus Seeks Limited and Specific Information.*** Atlus seeks to subpoena only information sufficient to identify and serve the John Doe Defendants, including their names, physical addresses, telephone numbers, and email addresses. This is precisely the type of information that Courts have deemed "narrow in scope" and permissible to collect via expedited discovery in infringement cases similar to Atlus' case here. *See Cengage Learning*, 2017 WL 11570668, at *2 (where Doe defendants were operating websites that sold infringing copies of plaintiff's books, Court granted leave to serve subpoenas to ISPs of the defendant's websites "in order to identify Defendants' true names, aliases, current and permanent addresses, email addresses, and any other contact information that can help identify and locate Defendants"); *see also Bloomberg, L.P. v. John Does 1-4*, 13-CV-1787 (LGS), 2013 WL 4780036, at *1 (S.D.N.Y. June 26, 2013) (where Doe defendants anonymously published infringing weblogs, Court granted leave to serve subpoena on Google—which hosted the blogs—to seek "information sufficient to identify each Doe Defendant in this action, including name, address, telephone number, and email address").

It is particularly important to obtain Defendants' email addresses on file with ColoCrossing and GitHub, since the Defendants may not have provided their accurate names or physical addresses to these entities, and thus email addresses can provide an additional way to effect service. *See, e.g.*, *UN4 Prods., Inc. v. Doe-173.68.177.95*, 17-CV-3278 (PKC)(SMG), 2017 WL 2589328, at *4 (E.D.N.Y. June 14, 2017) (noting that "an individual's last known physical address is not always genuine or current. Therefore, because service by email may be the only way to serve defendants in this case, the disclosure of defendants' email addresses will be permitted.").

{F4414907.3 }

Hon. James L. Cott
December 31, 2021
Page 5

***There Are No Alternative Means to Ascertain Defendants' Identities.*** As stated above, neither the Infringing Website nor the GitHub page on which the Infringing Server is maintained contains information sufficient to identify either Defendant. (*Supra* at 2-3.) However, ColoCrossing—the ISP for the Infringing Website—and GitHub—the platform hosting the Infringing Server—should have such information. But there is no way for Atlus to get this information from ColoCrossing or GitHub without a subpoena. As an ISP, ColoCrossing is statutorily prohibited from providing customer identities absent a court order. *See* 47 U.S.C. §§ 522(5), 551(c); *see also New Sensations, Inc. v. John Does 1-32*, 12-CV-3534 (PAE), 2012 WL 3100816, at *2 (S.D.N.Y. July 30, 2012) (allowing expedited discovery and noting that "ISPs . . . are statutorily prohibited from providing this information to [plaintiff] absent a court order") (citing 47 U.S.C. § 551(c)). And GitHub will not disclose a user's identity in the absence of "user consent or upon receipt of a valid subpoena, civil investigative demand, court order, search warrant, or other similar valid legal process." (*See* [https://docs.github.com/en/github/site-policy/guidelines-for-legal-requests-of-user-data](https://docs.github.com/en/github/site-policy/guidelines-for-legal-requests-of-user-data).) Moreover, Atlus' counsel contacted GitHub before filing this case and GitHub confirmed that it will not provide user information in the absence of a valid subpoena or court order. We can submit this correspondence with GitHub if the Court so requires, and have not done so here because of the page limit on pre-motion letters.

In similar situations, Court have permitted expedited discovery to serve subpoenas on ISPs and GitHub. *See, e.g.*, *Cengage Learning*, 2017 WL 11570668, at *1; *adMarketplace,* 2013 WL 4838854, at *2; *see also Uber Techs., Inc. v. Doe*, 15-CV-0908 (LB), 2015 WL 1205167, at *4 (N.D. Cal. Mar. 16, 2015) (granting pre-conference request to subpoena GitHub where "it may be the only way that [plaintiff] can be expected to identify John Doe I").

***The Subpoenaed Information Is Necessary to Advance Atlus' Case.*** Without learning the names and contact information of Defendants, Atlus will be unable to name and serve the individuals responsible for the infringement of its copyrighted works, and will be effectively foreclosed from litigating the meritorious claims alleged in the Complaint. Thus, this factor weighs in favor of pre-conference discovery. *Cengage Learning*, 2017 WL 11570668, at *1.

***Atlus' Meritorious Claims Outweigh Defendants' Minimal Expectation of Privacy.*** Defendants are "entitled only to a minimal expectation of privacy . . . where Plaintiffs have alleged what appear to be meritorious [intellectual property] claims and must determine Defendant's identity in order to litigate those claims." *Bloomberg*, 2013 WL 4780036, at *4. That is the case here and, thus, Atlus' need for the subpoenaed information outweighs the Defendants' minimal expectation of privacy. *Cengage Learning*, 2017 WL 11570668, at *1.

Accordingly, Atlus respectfully requests permission either to move forward with service of third-party subpoenas on ColoCrossing and GitHub or to submit formal briefing on the matter.

Respectfully submitted,

/s/ Jason D. Jones
Jason D. Jones

{F4414907.3 }