

**Jason D. Jones**
Partner

151 West 42nd Street, 17th Floor
New York, NY 10036

T 212.813.8279
jjones@fzlz.com

January 26, 2022

**BY ECF**

Hon. Andrew L. Carter Jr.
United States District Court, Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Atlus Co., Ltd. v. John Doe 1 d/b/a Rekuiemu Games, et al.* **Case No. 1:21-cv-11102 (ALC)**

Dear Judge Carter:

We represent Plaintiff Atlus Co., Ltd. ("Atlus") in the above-captioned case. We write pursuant to Rule II(A) of Your Honor's Individual Practices to request a pre-motion conference to file a motion for leave to conduct expedited discovery so that Atlus may serve third-party subpoenas aimed at identifying and locating the John Doe Defendants in this case. Given that Atlus does not yet know the identities of the John Doe Defendants, there is no opposing party or counsel to confer with pursuant to Your Honor's Individual Rule II(A) and SDNY Local Rule 37.2.

Atlus initially sent this pre-motion conference letter to Magistrate Judge Cott on December 31, 2021 (ECF No. 6) since the docket indicates Judge Cott has been "so designated" in this case. On January 26, 2022, Judge Cott issued an order stating this case "has not been referred to [him] by the assigned district judge so [he] does not have authority to act on th[e] application." (ECF No. 7.) Judge Cott instructed Atlus to direct its request to Your Honor in the first instance. (*Id.*)

**I.     Brief Factual Background**

Atlus is a developer, publisher and distributor of video games. (ECF No. 1 ("Compl.") ¶ 11.) Atlus has brought this case based on the blatant infringement of Atlus' copyright in its video game titled *Shin Megami Tensei: Imagine* (the "*Imagine* Game"). The *Imagine* Game was created and first released in Japan in 2007, and subsequently released in North America in 2008. (*Id*. ¶ 17.) As detailed in the Complaint, the *Imagine* Game is a "massively multiplayer online role-playing game," in which large numbers of players throughout the world can simultaneously play the game in an online world made possible by an official game server authorized and operated by Atlus (the "*Imagine* Server"). (*Id*. ¶ 19.) To access the *Imagine* Game, players would visit Atlus' website associated with the game (the "*Imagine* Website"). (*Id.* ¶¶ 21-22.) The *Imagine* Website contained a link allowing users to download the *Imagine* Game and connect to the *Imagine* Server where they could then play the game online with others. (*Id.* ¶ 21.) The *Imagine* Game was an international success for many years. (*Id*. ¶ 20). In May 2016, Atlus made the decision to cease distribution of the *Imagine* Game, along with the *Imagine* Website and *Imagine* Server. (*Id.* ¶ 24.)

T  212.813.5900   F  212.813.5901
{F4451947.2 }

frosszelnick.com / Fross Zelnick Lehrman & Zissu, P.C.

Hon. Andrew L. Carter, Jr.
January 26, 2022
Page 2

In violation of U.S. copyright law, the Defendants in this case—by their own admission—have decided to "resurrect" the *Imagine* Game. They have done this by (1) John Doe 1 (using the name "Rekuiemu Games") creating and operating a copy of the original *Imagine* Website at the url *https://rekuiemu.net/* (the "Infringing Website") (Compl. ¶¶ 25-30); (2) John Doe 1 creating and distributing via the Infringing Website a copy of the original *Imagine* Game for users to download (the "Infringing Game") (*id*. ¶¶ 31-36); and (3) John Doe 2 (using the names "COMP_hack" and/or "compomega") creating and distributing an unauthorized web server that enables the Infringing Game to be publicly displayed and played online with other users (the "Infringing Server") (*id*. ¶¶ 37-41.) The Infringing Server is hosted on a third-party platform called "GitHub." (*Id*. ¶ 39.)

Based on the foregoing, Atlus filed a Complaint asserting: (i) copyright infringement of the *Imagine* Game and the *Imagine* Website arising out of the creation and distribution of the Infringing Website and the Infringing Game (Counts I and II), (ii) violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202(a), arising out of the inclusion of false copyright management information on the Infringing Website (Count III); and contributory copyright infringement arising out of the creation of the Infringing Server (Count IV).

**II.     The Basis and Need For Atlus' Motion For Expedited Discovery**

The Infringing Website, which upon information and belief is owned and/or operated by John Doe 1, contains no name, physical address, email address, telephone number, or other identifying information for John Doe 1 and Atlus has not located any business entity named "Rekuiemu Games". John Doe 2 uses the anonymous GitHub user/account names "COMP_hack" and "compomega" and the GitHub page where the Infringing Server is maintained contains no information sufficient to identify John Doe 2. Thus, Atlus seeks leave to serve expedited third-party subpoenas on (i) ColoCrossing (the internet service provider ("ISP") hosting the Infringing Website) and (ii) GitHub, seeking information sufficient to identify each John Doe Defendant.

In determining whether to allow expedited discovery prior to the Rule 26(f) conference, courts apply a flexible standard of reasonableness and good cause via examination of five factors, namely: (1) whether the plaintiff has stated a prima facie claim of infringement, (2) the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the case, and (5) the defendant's expectation of privacy. *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010). Expedited discovery "is routinely granted in actions involving infringement and unfair competition." *Benham Jewelry Corp. v. Aron Basha Corp.*, 97-CV-3841 (RWS), 1997 WL 639037 at *20 (S.D.N.Y. Oct. 14, 1997). Here, each of these factors weigh in favor of expedited discovery.

*First*, Atlus has stated prima facie claims. The Complaint alleges that the *Imagine* Game and the *Imagine* Website are original works of visual art protected under U.S. Copyright law and that the copyrights are co-owned by Atlus and Cave Interactive Co, Ltd.[1] (Compl. ¶¶ 18, 23, 46, 55); *Davis*

---

[1] Though the *Imagine* Game and *Imagine* Website were first published in Japan, because Japan and the United States are both parties to several multilateral copyright conventions and treaties, these works are protected under U.S. Copyright law, 17 U.S.C. § 104(b)(2), and do not have to be registered with the U.S. Copyright Office to file a lawsuit for infringement. *See* 17 U.S.C. § 411, § 101 (definition of "United States work").

Hon. Andrew L. Carter, Jr.
January 26, 2022
Page 3

*v. Blige*, 505 F.3d 90, 99 (2d Cir. 2007) (copyright co-owners may pursue claims for infringement "independently of co-owners"). The Complaint alleges that John Doe 1 has copied the *Imagine* Website and the *Imagine* Game by creating and distributing the Infringing Website and Infringing Game. (Compl. ¶¶ 26-36, 48, 57.) Those allegations state a *prima facie* claim of copyright infringement. *Cengage Learning, Inc. v. Wang*, 2017 WL 11570668, at *1 (S.D.N.Y. Sept. 14, 2017). Atlus has also stated a *prima facie* DMCA claim by alleging that John Doe 1 knowingly inserted false copyright management information onto the Infringing Website to conceal their infringement. (Compl. ¶¶ 28, 64-65); *Wood v. Observer Holdings, LLC*, 2021 WL 2874100, at *5-6 (S.D.N.Y. July 8, 2021). Finally, Atlus has stated a *prima facie* claim for contributory copyright infringement by alleging that John Doe 2 created and operates the Infringing Server to facilitate, assist, and materially contribute to the unauthorized display and public performance of the Infringing Game. (Compl. ¶¶ 38-41, 71-74); *Arista Records LLC v. Usenet.com, Inc.*, 633 F. Supp. 2d 124, 154-56 (S.D.N.Y. 2009).

*Second*, Atlus seeks to subpoena only information sufficient to identify and serve the Defendants, including their names, physical addresses, telephone numbers, and email addresses. Courts have deemed such information "narrow in scope" and permissible to collect via expedited discovery in similar circumstances. *See Cengage Learning*, 2017 WL 11570668, at *2; *see also UN4 Prods., Inc. v. Doe-173.68.177.95*, 2017 WL 2589328, at *4 (E.D.N.Y. June 14, 2017).

*Third*, neither the Infringing Website nor the relevant GitHub page contains information sufficient to identify either Defendant. ColoCrossing—the ISP for the Infringing Website—and GitHub—the platform hosting the Infringing Server—should have such information. But there is no way for Atlus to get this information without a subpoena. As an ISP, ColoCrossing is statutorily prohibited from providing customer identities absent a court order. *See* 47 U.S.C. §§ 522(5), 551(c). And GitHub will not disclose a user's identity in the absence of "user consent or upon receipt of a valid subpoena, civil investigative demand, court order, search warrant, or other similar valid legal process."[2]

*Fourth,* without the names and contact information of Defendants, Atlus will be unable to name and serve the individuals responsible for the infringement of its copyrighted works, and will be foreclosed from litigating the claims alleged in the Complaint. *Cengage Learning*, 2017 WL 11570668, at *1. Thus, the subpoenaed information is necessary to advance Atlus' case.

*Fifth*, Defendants are "entitled only to a minimal expectation of privacy . . . where Plaintiffs have alleged what appear to be meritorious [intellectual property] claims and must determine Defendant's identity in order to litigate those claims." *Bloomberg, L.P. v. John Does 1-4*, 2013 WL 4780036, at *4 (S.D.N.Y. June 26, 2013). That is the case here and, thus, Atlus' need for the subpoenaed information outweighs Defendants' minimal expectation of privacy. *Cengage Learning*, 2017 WL 11570668, at *1.

Accordingly, Atlus respectfully requests permission either to move forward with service of third-party subpoenas on ColoCrossing and GitHub or leave to submit formal briefing on the matter.

---

[2] *See https://docs.github.com/en/github/site-policy/guidelines-for-legal-requests-of-user-data*.

{F4451947.2 }

Hon. Andrew L. Carter, Jr.
January 26, 2022
Page 4

Respectfully submitted,

*/Jason D. Jones/*

Jason D. Jones