

**Jason D. Jones**
Partner

T 212.813.8279
jjones@fzlz.com

151 West 42nd Street, 17th Floor
New York, NY 10036

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: _3/15/2022_

March 11, 2022

**BY ECF AND EMAIL**

Hon. Andrew L. Carter Jr.
United States District Court, Southern District of New York
40 Foley Square
New York, NY 10007



*Re:   Atlus Co., Ltd. v. John Doe 1 d/b/a Rekuiemu Games, et al.* **Case No. 1:21-cv-11102 (ALC)**

Dear Judge Carter:

We represent Plaintiff Atlus Co., Ltd. ("Atlus") in the above-captioned case. We write pursuant to Rule 2(A) of Your Honor's Individual Practices to request a pre-motion conference to file a motion for an extension of the deadline to serve the Summons and Complaint in this action pursuant to Federal Rule of Civil Procedure 4(m).

**Brief Factual and Procedural Background**

This action arises out of the two John Doe Defendants' blatant online infringement of Atlus' copyright in its incredibly successful video game titled *Shin Megami Tensei: Imagine.* Atlus filed its complaint against the two John Doe Defendants on December 28, 2021 (ECF No. 1, "Complaint"). The John Doe Defendants have carefully shielded their identities and, thus, Atlus has been unable to ascertain the Defendants' actual names, physical or email addresses, or telephone numbers.

On January 26, 2022, Atlus filed a Pre-Motion Letter with the Court requesting a pre-motion conference to file a motion for leave to conduct expedited, pre-Rule 26 conference discovery via third-party subpoenas aimed at identifying the John Doe Defendants in this case.[1] (ECF No. 8.) Specifically, Atlus sought leave to serve the two John Doe subpoenas on (i) Deluxe Corporation d/b/a ColoCrossing (the internet service provider hosting John Doe Defendant 1's infringing website) and (ii) GitHub, Inc. (the platform where John Doe Defendant 2's infringing server is hosted), seeking information sufficient to identify each John Doe Defendant. (*See* ECF No. 8 at 1-2.) The subpoenas are necessary to determine the Defendants' true identities and effect service on the

---

[1] Atlus initially sent its Pre-Motion Letter to Magistrate Judge Cott on December 31, 2021 (ECF No. 6) since the docket indicates Judge Cott has been "so designated" in this case. On January 26, 2022, Judge Cott issued an order stating this case "has not been referred to [him] by the assigned district judge so [he] does not have authority to act on th[e] application," and he instructed Atlus to direct its request to Your Honor in the first instance. (ECF No. 7.)

Hon. Andrew L. Carter, Jr.
March 11, 2022
Page 2

Defendants—which would be sole purpose of the subpoenas. The Court has not yet scheduled a conference on Atlus's proposed motion or granted Atlus leave to file the motion without a conference.

**The Basis For Atlus' Motion to Extend Time to Serve Complaint**

Under Rule 4(m) of the Federal Rules of Civil Procedure, a plaintiff has 90 days from the date its complaint is filed to serve the defendants with the summons and complaint. However, "if the plaintiff shows good cause for the failure [to serve within this time frame], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Atlus filed its complaint on December 28, 2021 and, thus, under Rule 4(m) its deadline to serve the summons and complaint is <u>March 28, 2022</u>.

Given that Atlus has not yet been able to obtain the information necessary to identify or serve either of the John Doe Defendants, Atlus intends to file a motion pursuant to Federal Rule of Civil Procedure 4(m) requesting an extension of the service deadline for good cause. Here, good cause exists because—without the requested expedited discovery—Atlus is unable to obtain identifying information about the Defendants sufficient to allow Atlus to effectuate service. *See Strike 3 Holdings, LLC v. Doe*, 21-CV-0327 (EAW), 2021 WL 5310998, at *3 (W.D.N.Y. Oct. 12, 2021) (granting Plaintiff's motion for extension of time to serve complaint pending Plaintiff's service of a third-party subpoena and receipt of Defendant's identifying information from an ISP; holding that "Plaintiff's inability to identify [Defendant] constitutes 'good cause' under Rule 4(m) for the requested extension."); *see also Rotten Records, Inc. v. Doe*, 15-CV-6650 (FPG), 2016 WL 9460666, at *2 (W.D.N.Y. Sept. 27, 2016) (same).

Accordingly, Atlus seeks a pre-motion conference to address its anticipated motion for an extension of time to serve the Complaint until Atlus is able to obtain the Defendants' identifying information via third-party subpoenas to ColoCrossing and Github.

We appreciate the Court's attention to this matter. We are available should the Court have any questions or want to have a conference to discuss any issues with Atlus.

Respectfully submitted,

*/Jason D. Jones/*

Jason D. Jones

The requests for PMCs, ECF Nos. 8, 10, are **DENIED**. The deadline for Plaintiff to serve Defendants is extended to **May 27, 2022**. Plaintiff is directed to file its motion for expedited discovery on or before **April 15, 2022**.

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

Dated:3/15/2022

{F4519822.4 }