IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATLUS CO., LTD,<br><br>                    Plaintiff,<br>     v.<br><br>JOHN DOE 1 D/B/A REKUIEMU GAMES; and<br>JOHN DOE 2 D/B/A COMP_HACK,<br><br>                    Defendants. | Case No.: 1:21-cv-11102 (ALC)(JLC) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE
TO SERVE THIRD-PARTY SUBPOENAS PRIOR TO RULE 26(f) CONFERENCE**

Jason D. Jones
David Donahue
Shelby P. Rokito
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
151 W. 42nd Street, Floor 17
New York, New York 10036
Tel: (212) 813-5900

*Attorneys for Plaintiff*

{F4208683.9 }

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................ ii

PRELIMINARY STATEMENT ..................................................................................................... 1

FACTS ............................................................................................................................................ 2

A.      Brief Overview of Atlus' *Imagine* Game ............................................................................. 2

B.      Defendants' Infringing Conduct ......................................................................................... 3

C.      The Complaint in this Action .............................................................................................. 5

D.      Atlus is Unable to Ascertain the Identities of the John Doe Defendants ............................ 6

ARGUMENT .................................................................................................................................. 7

A.      Legal Standard For Expedited Discovery To Identify Anonymous Defendants ................. 7

B.      Good Cause Exists to Warrant Expedited Discovery .......................................................... 9

          1.      Atlus Has Stated a *Prima Facie* Case for Each Claim Asserted in the Complaint ...... 9

                a.      Direct Copyright Infringement and DMCA Violation by John Doe 1 ................. 9

                b.      Contributory Copyright Infringement by John Doe 2 ........................................ 11

          2.      Atlus Seeks Limited and Specific Information About Defendants ........................... 12

          3.      There Are No Alternative Means to Ascertain Defendants' Identities ...................... 13

          4.      The Information to be Subpoenaed Is Necessary to Litigate the Case ....................... 14

          5.      Atlus' Interest in Protecting its Copyrights from Infringement Outweighs Defendants' Minimal Privacy Interests .................................................................... 14

CONCLUSION ............................................................................................................................. 15

# **TABLE OF AUTHORITIES**

## **CASES**

*adMarketplace, Inc. v. Tee Support, Inc.*,
   13-CV-5635 (LGS), 2013 WL 4838854 (S.D.N.Y. Sept. 11, 2013) ..............................7, 8, 14

*Arista Records, LLC v. Doe 3*,
   604 F.3d 110 (2d Cir. 2010)..................................................................................................8, 14

*Arista Records LLC v. Lime Group LLC*,
   784 F. Supp. 2d 398 (S.D.N.Y. 2011)..........................................................................................11

*Arista Records LLC v. Usenet.com, Inc.*,
   633 F. Supp. 2d 124 (S.D.N.Y. 2009)..........................................................................................11

*BWP Media USA Inc. v. Hollywood Fan Sites, LLC*,
   69 F. Supp. 3d 342 (S.D.N.Y. 2014)............................................................................................11

*Benham Jewelry Corp. v. Aron Basha Corp.*,
   45 U.S.P.Q.2d 1078 (S.D.N.Y. 1997)....................................................................................... 7-8

*Bloomberg, L.P. v. John Does 1-4*,
   13-CV-1787 (LGS), 2013 WL 4780036 (S.D.N.Y. June 26, 2013)............................12, 14, 15

*Cengage Learning, Inc. v. Wang*,
   17-CV-4914 (JFK), 2017 WL 11570668 (S.D.N.Y. Sept. 14, 2017) ...............................8, 9, 12

*Davis v. Blige*,
   505 F.3d 90 (2d Cir. 2007)..............................................................................................................9

*Hasbro Bradley, Inc. v. Sparkle Toys, Inc.*,
   780 F.2d 189 (2d Cir. 1985)............................................................................................................9

*John Wiley & Sons, Inc. v. John Doe Nos. 1-22*,
   12-CV-4231 (PAC), 2013 WL 1091315 (S.D.N.Y. Mar. 15, 2013) ........................................8

*Michael Grecco Productions, Inc. v. Alamy, Inc.*,
   372 F. Supp. 3d 131 (E.D.N.Y. 2019) ......................................................................................10

*Millennium Funding, Inc. v. Wicked Technology Ltd.*,
   21-CV-0282 (RDA)(TCB) (E.D. Va. Apr. 8, 2021)...................................................................8

*New Sensations, Inc. v. John Does 1-32*,
   12-CV-3534 (PAE), 2012 WL 3100816 (S.D.N.Y. July 30, 2012)........................................13

*Salinger v. Colting*,
   607 F.3d 68 (2d Cir. 2010)...................................................................................................... 9-10

*Strike 3 Holdings, LLC v. Doe*,
   329 F.R.D. 518 (S.D.N.Y. 2019) ................................................................................9, 10, 14

*UN4 Productions, Inc. v. Doe-173.68.177.95*,
   17-CV-3278 (PKC)(SMG), 2017 WL 2589328 (E.D.N.Y. June 14, 2017) ...........................12

*Uber Technologies, Inc. v. Doe*,
    15-CV-0908 (LB), 2015 WL 1205167 (N.D. Cal. Mar. 16, 2015) ..................................... 8, 13

*Wood v. Observer Holdings, LLC*,
    20-CV-7878 (LLS), 2021 WL 2874100 (S.D.N.Y. July 8, 2021) ......................................... 10

## STATUTES

17 U.S.C. § 101 ................................................................................................................................ 10

17 U.S.C. § 104 .................................................................................................................................. 9

17 U.S.C. § 106 .................................................................................................................................. 2

17 U.S.C. § 411 ................................................................................................................................ 10

17 U.S.C. § 501 ......................................................................................................................... 2, 5, 6

17 U.S.C. § 1202 ....................................................................................................................... 2, 6, 10

47 U.S.C. § 522 ............................................................................................................................. 6, 13

47 U.S.C. § 551 ............................................................................................................................. 6, 13

## RULE

Federal Rule of Civil Procedure 26 ............................................................................................... 1, 7

Plaintiff Atlus Co., Ltd. ("Atlus"), by its attorneys, submits this Memorandum of Law in support of its Motion For Leave to Serve Third-Party Subpoenas prior to the conference required by Federal Rule of Civil Procedure 26(f). Such discovery would be aimed solely at obtaining information sufficient to identify and serve the John Doe defendants in this copyright infringement action and to amend the Complaint to name them.

## PRELIMINARY STATEMENT

Atlus is a major developer, publisher and distributor of video games and co-owns the copyright in its incredibly successful video game titled *Shin Megami Tensei: Imagine* (the "*Imagine* Game"). The *Imagine* Game was created and initially released in Japan in 2007 as a "massively multiplayer online role-playing game," a type of video game in which large numbers of players simultaneously interact and play the game in an online world via an official game server authorized and operated by Atlus. The game was subsequently released in North America and Europe and enjoyed enormous worldwide success. In 2016, Atlus decided to shut down service for and cease distribution of the *Imagine* Game.

In blatant violation of U.S. copyright law, Defendants—by their own admission and without authorization from Atlus—have decided to "resurrect" the *Imagine* Game. They have done this by (1) creating and operating an exact copy of the original website used by Atlus to distribute the *Imagine* Game to consumers (the "Infringing Website"); (2) creating and distributing an exact or nearly exact copy of the *Imagine* Game which users can download from the Infringing Website (the "Infringing Game"); and (3) creating and distributing an unauthorized web server that emulates the original game server used by Atlus and that enables the Infringing Game to be publicly displayed and played online with other users (the "Infringing Server").

In light of the above, Atlus has instituted this action against the Defendants for direct and contributory copyright infringement in violation of the U.S. Copyright Act, 17 U.S.C. §§ 106, 501, and for use of false copyright management information in violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202(a).

Although the infringement is clear, Defendants have carefully shielded their identities from the public (and from Atlus). To uncover the identities of the Defendants, and to put an end to their infringement, Atlus seeks leave to serve expedited, targeted third-party subpoenas on (i) Deluxe Corporation d/b/a ColoCrossing (the internet service provider ("ISP") for the Infringing Website), and (ii) GitHub, Inc. (the internet platform where the Infringing Server is hosted), with the objective of identifying and accurately naming and serving the Defendants.

## FACTS

**A.     Brief Overview of Atlus' *Imagine* Game**

Atlus is one of the most successful companies in the interactive entertainment industry, where it is best known for its role-playing video games. (ECF No. 1, ("Cmplt.") ¶ 11.) The *Imagine* Game is one of several video games that comprise Atlus' well-known video game franchise, the *Shin Megami Tensei* ("*SMT*") series. (*Id*. ¶ 12.)

As described in detail in the Complaint, the *Imagine* Game takes place in a post-apocalyptic Tokyo following a war that has devastated humanity and resulted in an invasion of demons. A video game player takes on the persona of one of several different demon-busting characters. (Cmplt. ¶ 13.) The *Imagine* Game was created in Japan and first released there in 2007, and subsequently released in North America in 2008 and in Europe in 2009. (*Id*. ¶ 17.) Atlus co-owns the copyright in the entire *Imagine* Game along with Cave Interactive Co., Ltd. ("Cave"), another Japanese video game developer. (*Id*. ¶ 18.) Atlus' copyright in the *Imagine*

Game covers every aspect of the game, including without limitation all graphical and textual elements of the screens that appear in the game and all motion picture, sound recording, and other audiovisual elements of the game. (*Id.*)

The *Imagine* Game was a "massively multiplayer online role-playing game" ("MMO"), a type of game in which large numbers of players are able to simultaneously play the game together in an online world made possible by an official game server (the "*Imagine* Server"), which Atlus authorized and operated in connection with the game. (*Id.* ¶ 19.) To access the *Imagine* Game, players would first visit Atlus' official website associated with the game, *http://www.megatenonline.com/* (the "*Imagine* Website"). (*Id.* ¶ 21.) The *Imagine* Website featured, among other things, original banner artwork depicting characters, creatures, and scenery from the *Imagine* Game, unique graphics, layout, and written text. (*Id.* ¶ 22.) The *Imagine* Website contained a link allowing users to download the *Imagine* Game and connect to the *Imagine* Server—where they could then play the game online with other players around the world. (*Id.* ¶ 21.) Like the *Imagine* Game, the copyright in the *Imagine* Website is co-owned by Atlus and Cave. (*Id.* ¶ 23.)

The *Imagine* Game was an international success during the nine years it was offered by Atlus. (Cmplt. ¶ 20). In May 2016, Atlus made the decision to shut down service for and cease distribution of the *Imagine* Game, along with the *Imagine* Website and *Imagine* Server. (*Id.* ¶ 24.)

B.   **Defendants' Infringing Conduct**

By their own admission—and without authorization from Atlus—Defendants have decided to "resurrect" the *Imagine* Game. (Cmplt. ¶ 26.)

{F4208683.9 }   3

Specifically, and upon information and belief, in or around August 2020, Defendant John Doe 1 registered the domain name *www.rekuiemu.net/*. (*Id.* ¶ 25.) Thereafter, in late 2020, Defendant John Doe 1 began operating the Infringing Website, which blatantly copies almost every aspect of the original *Imagine* Website, as shown below:




           The Infringing Website                               The *Imagine* Website

(*Id.* ¶¶ 26-27; Declaration of Shelby P. Rokito ("Rokito Decl.") ¶ 3.) The Infringing Website contains no name, physical address, telephone number, or other personally identifying information for Defendant John Doe 1. (Rokito Decl ¶ 4.)

Defendant John Doe 1 does not even attempt to hide the fact that the Infringing Website is a blatant copy of the original *Imagine* Website. The Infringing Website retains the original copyright attribution from the *Imagine* Website, stating at the bottom that the website is "Copyright (C) ATLUS [and] (C) CAVE"; however, Defendant John Doe 1 has falsely added its own copyright information, claiming that the website is also "Copyright (C) REKUIEMU" and has also added its own REKUIEMU logo. (Cmplt. ¶ 28.) Just as Atlus' original *Imagine* Website enabled users to download the *Imagine* Game, Defendant John Doe 1's Infringing Website invites users to download the Rekuiemu Imagine Launcher, which enables a user to install an unauthorized exact or nearly exact copy of the original *Imagine* Game (*i.e.*, the Infringing Game)

onto their computer. (*Id.* ¶¶ 31-32.) As shown in detail in the Complaint, the Infringing Game copies the audiovisual components of the *Imagine* Game, including the characters, demons, weapons, scenery, landmarks, music tracks, and sound effects. (*Id.* ¶ 34.)

Upon information and belief, after a user downloads the Infringing Game, the game automatically connects to the Infringing Server which emulates the original *Imagine* Server and enables the user to play the Infringing Game online. (*Id.* ¶ 33.) Upon information and belief, the Infringing Server was created by Defendant John Doe 2 and is hosted on GitHub, Inc.'s platform at *https://github.com/comphack/comp_hack*. (Cmplt. ¶¶ 37-39.) According to Github, Defendant John Doe 2 operates under the anonymous names "COMP_hack" and/or "compomega". (*Id.* ¶ 38.) Moreover, according to the GitHub webpage where the Infringing Server is maintained, Defendant John Doe 2 states that the Infringing Server was created "to revive an MMO [massively multiplayer online game] that has been shutdown (SMT: IMAGINE)"—with "SMT: IMAGINE" meaning Atlus' *Shin Megami Tensei*: *Imagine* game. (*Id.* ¶ 40.) In creating and continuing to operate the Infringing Server, Defendant John Doe 2 assists, encourages, and facilitates the infringing activities of Defendant John Doe 1 by allowing the Infringing Game to be publicly displayed online and by users all around the world at the same time. (*Id.* ¶ 38.)

**C.    The Complaint in this Action**

Atlus filed the Complaint in this action on December 28, 2021 against the two John Doe Defendants.

As to Defendant John Doe 1, the Complaint asserts three claims, namely: (i) direct copyright infringement of both the *Imagine* Game and the *Imagine* Website arising out of Defendant John Doe 1's creation and display of the Infringing Website and his or her creation and distribution of the Infringing Game, both in violation of the U.S. Copyright Act, 17 U.S.C.

§ 501 (Counts I and II), and (ii) violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202(a), arising out of Defendant John Doe 1's inclusion of false copyright management information on the Infringing Website, namely the inclusion of "COPYRIGHT (C) REKUIEMU" and the REKUIEMU logo on the Infringing Website (Count III). (*See* Cmplt. ¶¶ 45-69.)

As to Defendant John Doe 2, the Complaint asserts a claim for contributory copyright infringement in violation of the U.S. Copyright Act, 17 U.S.C. § 501, arising out of the creation and operation of the Infringing Server in order to facilitate, assist, and materially contribute to Defendant John Doe 1's infringement of the *Imagine* Game by allowing the Infringing Game to be publicly displayed and played online (Count IV). (*See* Cmplt. ¶¶ 70-77.)

### D.     Atlus is Unable to Ascertain the Identities of the John Doe Defendants

Atlus has been unable to ascertain the true identities of the two John Doe Defendants.

The Infringing Website, which upon information and belief is owned and/or operated by John Doe 1 using the name "Rekuiemu Games", contains no name, physical address, telephone number, or other identifying information for John Doe 1 and, moreover, Atlus has not located any business entity named "Rekuiemu Games" or "Rekuiemu". (Rokito Decl. ¶ 4.) The ISP for the Infringing Website is Deluxe Corporation d/b/a ColoCrossing ("ColoCrossing"). (*Id.* ¶ 5, Ex. A.) ColoCrossing has assigned Defendant John Doe 1 the Internet Protocol ("IP") address 107.173.255.33. (*Id.*) ColoCrossing is the only entity with the information necessary to identify Defendant John Doe 1 by correlating the IP address with John Doe 1's identity. However, as an ISP, ColoCrossing is statutorily prohibited from providing customer identities absent a court order. *See* 47 U.S.C. §§ 522(5), 551(c).

Defendant John Doe 2 uses the anonymous names "COMP_hack" and/or "compomega" and makes the Infringing Server available on the GitHub platform and, moreover, the GitHub page where the Infringing Server is maintained contains no information sufficient to identify or locate Defendant John Doe 2. (Cmplt. ¶¶ 10, 38-39; Rokito Decl. ¶ 4.) According to GitHub's website, GitHub will disclose a user's identity "only with user consent or upon receipt of a valid subpoena, civil investigative demand, court order, search warrant, or other similar valid legal process." (*See https://docs.github.com/en/github/site-policy/guidelines-for-legal-requests-of-user-data*.) Moreover, Atlus' counsel contacted GitHub and GitHub confirmed that it will not provide user information in the absence of "a valid subpoena, civil investigative demand, court order, search warrant, or other similar valid legal process." (Rokito Decl. ¶ 6, Ex. B.)

## ARGUMENT

In light of the above, Atlus seeks leave to serve expedited, targeted third-party subpoenas on ColoCrossing and GitHub, seeking information sufficient to identify Defendants John Doe 1 and 2, respectively. The subpoenas are necessary to determine the Defendants' true identities and effect service on the Defendants—which would be sole purpose of the subpoenas.

**A.      Legal Standard For Expedited Discovery To Identify Anonymous Defendants**

In determining whether to allow a plaintiff to conduct expedited discovery prior to the Rule 26(f) conference, "courts apply a flexible standard of reasonableness and good cause" and have permitted expedited discovery "to determine the identity of John Doe Defendants where the plaintiff has stated a prima facie case and is unable to identify the defendants without a court-ordered subpoena." *adMarketplace, Inc. v. Tee Support, Inc*., 13-CV-5635 (LGS), 2013 WL 4838854, at *2 (S.D.N.Y. Sept. 11, 2013). Pre-conference, expedited discovery "is routinely granted in actions involving infringement and unfair competition." *Benham Jewelry Corp. v.*

*Aron Basha Corp.*, 45 U.S.P.Q.2d 1078, 1094 (S.D.N.Y. 1997). Courts looks to five factors as a guide to whether good cause for pre-conference discovery exists, namely: (1) whether the plaintiff has stated a prima facie claim of infringement, (2) the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the case, and (5) the defendant's expectation of privacy. *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010).

Applying this standard, courts in this District have routinely permitted plaintiffs to serve pre-conference subpoenas on ISPs (like ColoCrossing) to determine the identities of John Doe defendants accused of online infringement. *See, e.g.*, *Cengage Learning, Inc. v. Wang*, 17-CV-4914 (JFK), 2017 WL 11570668, at *2 (S.D.N.Y. Sept. 14, 2017) (granting leave to serve subpoenas to ISPs of the defendants' websites "to identify Defendants' true names, aliases, current and permanent addresses, email addresses, and any other contact information that can help identify and locate Defendants"); *adMarketplace,* 2013 WL 4838854, at *2 (granting leave to serve third-party subpoenas, including to ISPs hosting websites on which John Doe defendants engaged in false advertising activities); *John Wiley & Sons, Inc. v. John Doe Nos. 1-22*, 12-CV-4231 (PAC), 2013 WL 1091315, at *5 (S.D.N.Y. Mar. 15, 2013) (granting leave to serve third-party subpoenas to ISPs in copyright infringement case where copyright owner could not identify the defendants by other means). Moreover, courts have specifically allowed plaintiffs to serve pre-conference subpoenas on GitHub to learn the identities of John Doe defendants that are GitHub users. *See Millennium Funding, Inc. v. Wicked Tech. Ltd.*, 21-CV-0282 (RDA)(TCB), ECF No. 16 at 8-9 (E.D. Va. Apr. 8, 2021) (copy attached at Rokito Decl., ¶ 8, Ex. C); *Uber Techs., Inc. v. Doe*, 15-CV-0908 (LB), 2015 WL 1205167, at *4 (N.D. Cal. Mar. 16, 2015).

As explained below, each of the "good cause" factors is satisfied here and, thus, Atlus is similarly entitled to this necessary relief.

**B.     Good Cause Exists to Warrant Expedited Discovery**

    **1.     Atlus Has Stated a *Prima Facie* Case for Each Claim Asserted in the Complaint**

        *a.     Direct Copyright Infringement and DMCA Violation by John Doe 1*

A *prima facie* showing of direct copyright infringement is made by alleging facts showing "(1) ownership of a valid copyright in the item and (2) unauthorized copying." *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 521 (S.D.N.Y. 2019) (citation omitted); *see also Cengage Learning*, 2017 WL 11570668, at *1. Here, Atlus has alleged a *prima facie* case against Defendant John Doe 1 for direct infringement of Atlus' copyright in both the *Imagine* Website and the *Imagine* Game.

The Complaint first alleges that the *Imagine* Game and the *Imagine* Website are original and creative works of visual art protected under U.S. Copyright law and that the copyrights are co-owned by Atlus and Cave. (Cmplt. ¶¶ 18, 23, 46, 55); *Davis v. Blige*, 505 F.3d 90, 99 (2d Cir. 2007) (explaining that copyright co-owners may pursue claims for copyright infringement "independently of co-owners"). While the *Imagine* Game and *Imagine* Website were first published in Japan (Cmplt. ¶¶ 17, 23), because Japan and the United States are both parties to several multilateral copyright conventions and treaties, these works are protected under U.S. Copyright law. 17 U.S.C. § 104(b)(2); *Hasbro Bradley, Inc. v. Sparkle Toys, Inc.*, 780 F.2d 189, 192-93 (2d Cir. 1985) ("Since the toys were authored by a Japanese national and first 'published' in Japan, they enjoyed copyright protection under United States law from the moment they were created by virtue of both § 104(b) of the [U.S. Copyright Act] and Article II(1) of the U.C.C. [Revised Universal Copyright Convention]."), *abrogated on other grounds by Salinger v.*

*Colting*, 607 F.3d 68 (2d Cir. 2010). Moreover, because the *Imagine* Game and *Imagine* Website are not "United States works" (*i.e.*, not first published in the United States), the works are not required to be registered with the U.S. Copyright Office in order to file a lawsuit for infringement of the works. *See* 17 U.S.C. § 411, § 101 (definition of "United States work.")

The Complaint next alleges in detail the manner in which Defendant John Doe 1 has, without authorization, copied the *Imagine* Website and the *Imagine* Game by creating and distributing the Infringing Website and Infringing Game, respectively, and includes side-by-side images showing such copying. (*Id.* ¶¶ 26-36, 48, 57.) Accordingly, the Complaint states a *prima facie* case of direct copyright infringement of the *Imagine* Game and *Imagine* Website against Defendant John Doe 1 because it "plainly sets out the copyrighted work[] at issue and provides comprehensive allegations regarding the manner by which the Defendant copied" the copyrighted work. *Strike 3 Holdings*, 329 F.R.D. at 521.

Atlus has also alleged a *prima facie* case as to its DMCA claim again John Doe 1. To state a claim under Section 1202(a) of the DMCA, a plaintiff must allege that the defendant knowingly provided or distributed false copyright management information ("CMI") "with the intent to induce, enable, facilitate, or conceal [his or her] infringement." *Wood v. Observer Holdings, LLC*, 20-CV-7878 (LLS), 2021 WL 2874100, at *5 (S.D.N.Y. July 8, 2021) (citation omitted). As set forth in the Complaint, Defendant John Doe 1 knowingly inserted false CMI onto the Infringing Website by including "COPYRIGHT (C) REKUIEMU" and the REKUIEMU logo. (Cmplt. ¶¶ 28, 64.) *See, e.g.*, *Michael Grecco Prods., Inc. v. Alamy, Inc.*, 372 F. Supp. 3d 131, 138 (E.D.N.Y. 2019) (a watermarked corporate name or symbol constituted CMI for purposes of stating a claim under Section 1202(a)). The Complaint further alleges that

John Doe 1 inserted this false CMI for the purposes of concealing his or her infringement of the *Imagine* Website. (Cmplt. ¶¶ 64-65.)

        b.   *Contributory Copyright Infringement by John Doe 2*

To state a *prima facie* claim for contributory copyright infringement, a plaintiff must allege that the defendant "(1) had actual or constructive knowledge of the infringing activity, and (2) encouraged or assisted others' infringement, or provided machinery or goods that facilitated infringement." *Arista Records LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 432 (S.D.N.Y. 2011); *see also BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 356-57 (S.D.N.Y. 2014). The Complaint alleges that Defendant John Doe 2 created and now operates the Infringing Server, which was designed to emulate the original *Imagine* Server, in order to facilitate, assist, and materially contribute to the unauthorized public display and public performance of the Infringing Game online so that it can be simultaneously played by users all over the world. (Cmplt. ¶¶ 38-41, 71-74). In other words, the Complaint alleges that John Doe 2 has knowingly encouraged, assisted, and materially contributed to Defendant John Doe 1's infringement of the *Imagine* Game by providing the mechanism or instrumentality (*i.e.,* the Infringing Server) that facilitates the unauthorized public display and public performance of the Infringing Game. (*Id*. ¶¶ 38, 72.) These factual allegations state the requisite elements for contributory copyright liability. *See Arista Records LLC v. Usenet.com, Inc*., 633 F. Supp. 2d 124, 155 (S.D.N.Y. 2009) (concluding that Defendant, whose website was used for downloading infringing MP3 files, could be held liable for contributory copyright infringement since its servers were the "instrumentality of their subscribers' infringement").

Because Atlus has pled *prima facie* claims as to each cause of action in the Complaint, the first factor weighs in favor of granting Atlus' request to serve pre-conference subpoenas.

### 2. Atlus Seeks Limited and Specific Information About Defendants

Atlus seeks to subpoena only information sufficient to identify and serve the John Doe Defendants, including their names, physical addresses, telephone numbers, and email addresses.

This is precisely the type of information that courts in this District have deemed "narrow in scope" and permissible to collect via expedited discovery in infringement cases similar to Atlus' case here. *See Cengage Learning*, 2017 WL 11570668, at *2 (where Doe defendants were operating websites that sold infringing copies of plaintiff's books, court granted leave to serve subpoenas to ISPs of the defendant's websites "in order to identify Defendants' true names, aliases, current and permanent addresses, email addresses, and any other contact information that can help identify and locate Defendants"); *see also Bloomberg, L.P. v. John Does 1-4*, 13-CV-1787 (LGS), 2013 WL 4780036, at *1 (S.D.N.Y. June 26, 2013) (where Doe defendants anonymously published infringing weblogs, court granted leave to serve subpoena on Google—which hosted the blogs—to seek "information sufficient to identify each Doe Defendant in this action, including name, address, telephone number, and email address").

Here, it is particularly important to obtain Defendants' email addresses on file with ColoCrossing and GitHub, since the Defendants may not have provided their accurate names or physical addresses to these entities, and thus email addresses can provide an additional way to effect service. *See, e.g.*, *UN4 Prods., Inc. v. Doe-173.68.177.95*, 17-CV-3278 (PKC)(SMG), 2017 WL 2589328, at *4 (E.D.N.Y. June 14, 2017) (noting that "an individual's last known physical address is not always genuine or current. Therefore, because service by email may be the only way to serve defendants in this case, the disclosure of defendants' email addresses will be permitted.").

For these reasons, the second "good cause" factor weighs in Atlus' favor.

### 3. There Are No Alternative Means to Ascertain Defendants' Identities

Put simply, without the ability to conduct the requested pre-conference discovery, Atlus will be incapable of reliably identifying and serving the Defendants in this case. As stated above, neither the Infringing Website nor the GitHub page on which the Infringing Server is maintained contains information sufficient to identify either Defendant. (*Supra* at 6-7.) However, ColoCrossing—the ISP for the Infringing Website—and GitHub—the platform hosting the Infringing Server—should have such information. (*Id.*, Rokito Decl. ¶ 5.) But there is no way for Atlus to get this information from ColoCrossing or GitHub without a subpoena.

As an ISP, ColoCrossing is statutorily prohibited from providing customer identities absent a court order. *See* 47 U.S.C. §§ 522(5), 551(c). For this reason, courts have found that this factor weighs in favor of permitting pre-conference subpoenas to be served on an ISP in order to identify a defendant. *See New Sensations, Inc. v. John Does 1-32*, 12-CV-3534 (PAE), 2012 WL 3100816, at *2 (S.D.N.Y. July 30, 2012) (finding this factor weighed in plaintiff's favor where "plaintiff ha[d] no reasonable means other than through the ISPs by which to identify" defendants "and the ISPs, in turn, are statutorily prohibited from providing this information to [plaintiff] absent a court order").

And GitHub will not disclose a user's identity in the absence of "user consent or upon receipt of a valid subpoena, civil investigative demand, court order, search warrant, or other similar valid legal process." (*Supra* at 7; Rokito Decl. ¶ 6.) Moreover, Atlus' counsel contacted GitHub before filing this case and GitHub confirmed that it will not provide user information in the absence of a valid subpoena or court order. (Rokito Decl. ¶ 6, Ex. B.) For this reason, courts have found this factor weighs in favor of permitting pre-conference subpoenas to be served on GitHub. *Uber Techs.*, 2015 WL 1205167, at *4 (granting pre-conference request to subpoena

GitHub where "it may be the only way that [plaintiff] can be expected to identify John Doe I").

Accordingly, the third "good cause" factor similarly weighs in favor of granting Atlus' motion.

### 4. The Information to be Subpoenaed Is Necessary to Litigate the Case

Without learning the names and contact information for the Defendants, Atlus will be unable to identify, name and serve the individuals responsible for the infringement of its copyrighted works, and will be effectively foreclosed from litigating the meritorious claims alleged in the Complaint. *See Strike 3 Holdings*, 329 F.R.D. at 522 (granting pre-conference discovery where, "in the absence of the ability to subpoena the ISP, the Plaintiff will be unable to identify and serve Defendant, effectively terminating the litigation"); *see also adMarketplace*, 2013 WL 4838854, at *2 (granting pre-conference discovery as to five parties where plaintiff had a "potentially meritorious claim and no ability to enforce it absent expedited discovery").

Accordingly, the fourth "good cause" factor also supports granting Atlus' request for targeted discovery.

### 5. Atlus' Interest in Protecting its Copyrights from Infringement Outweighs Defendants' Minimal Privacy Interests

Finally, Atlus' need for the requested specific information from ColoCrossing and GitHub outweighs any cognizable privacy interests that Defendants may claim to have.

Defendants are "entitled only to a minimal expectation of privacy . . . where Plaintiffs have alleged what appear to be meritorious [intellectual property] claims and must determine Defendant's identity in order to litigate those claims." *Bloomberg*, 2013 WL 4780036, at *4. Indeed, the Second Circuit has made clear that defendants cannot cloak themselves in anonymity to avoid liability for copyright infringement or facilitating the infringement of others. *See Arista Records*, 604 F.3d at 124 (finding Doe defendant's "expectation of privacy for sharing

copyrighted music through an online file-sharing network [] simply insufficient to permit him to avoid having to defend against a claim of copyright infringement").

That is the case here and, thus, Atlus' need for the subpoenaed information outweighs Defendants' "minimal" expectation of privacy. *Bloomberg*, 2013 WL 4780036, at *4.

## **CONCLUSION**

For the foregoing reasons, Atlus respectfully requests permission for leave to conduct pre-conference discovery in the form of third-party subpoenas directed at ColoCrossing and GitHub for the limited purpose of learning the names, physical addresses, telephone numbers, email addresses, and other contact information for Defendants John Doe 1 and 2, respectively.

Dated: March 18, 2022                              FROSS ZELNICK LEHRMAN & ZISSU, P.C.

                                                      By:       /s/ Shelby P. Rokito
                                                              Jason D. Jones (jjones@fzlz.com)
                                                              David Donahue (ddonahue@fzlz.com)
                                                              Shelby P. Rokito (srokito@fzlz.com)
                                                      151 W. 42nd Street, Floor 17
                                                      New York, New York 10036
                                                      Tel: (212) 813-5900

                                                      *Attorneys for Plaintiff Atlus Co., Ltd.*