USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 4/7/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ATLUS CO. LTD,

      **Plaintiff,**

-against-

JOHN DOE 1 *doing business as* REIKUIEMU GAMES and JOHN DOE 2 *doing business as* COMP_HACK,

      **Defendant.**

---

21-cv-11102 (ALC)

**ORDER ON MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

**ANDREW L. CARTER, JR., United States District Judge:**

   **THIS CAUSE** comes before the Court upon Plaintiff's Motion for Leave to File a Third- Party Subpoena Prior to a Rule 26(f) Conference (the "Motion"), ECF No. 12, and the Court being duly advised in the premises does hereby:

   **FIND, ORDER AND ADJUDGE:**

   Plaintiff established that "good cause" exists for it to serve a third-party subpoena on Deluxe Corporation doing business as ColoCrossing (hereinafter the "ISP"). *See Arista Records, LLC v. Doe 3,* 604 F.3d 110 (2d Cir. 2010) (citing *Sony Music Entm't v. Does 1-40,* 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)); *Malibu Media, LLC v. John Does 1-11,* 2013 WL 3732839 (S.D.N.Y. 2013); *John Wiley & Sons, Inc. v. Doe Nos. 1-30,* 284 F.R.D. 185, 189 (S.D.N.Y. 2012).

1. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address, of the subscriber to whom the ISP assigned an IP address as set forth in Plaintiff's supporting memorandum of law. Plaintiff shall attach to any such subpoena a copy of this Order. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider

   that is identified in response to a subpoena as a provider of Internet services to the subscriber.

2. Within fifteen (15) days of service of the subpoena, the ISP shall reasonably attempt to identify the John Doe sued and provide that John Doe (not Plaintiff) with a copy of the subpoena and a copy of this order (which Plaintiff must attach to the subpoena). If an ISP is unable to determine, to a reasonable degree of technical certainty, the identity of the user of a particular IP address, it shall notify Plaintiff's counsel in writing, so that a record can be kept for review by the Court.

3. The subscriber shall have forty-five days (45) days from the date of service of the subpoena upon him to file any motion with the Court to contest the subpoena, including any request to litigate the subpoena anonymously. <u>The ISP shall not produce any subpoenaed information to Plaintiff during this period.</u>

4. If this 45-day period lapses without the subscriber filing a motion to contest the subpoena, the ISP shall produce to Plaintiff the information necessary to comply with the subpoena within ten (10) days thereafter.

5. The ISP may move to quash or otherwise object to any subpoena, consistent with the usual requirements of Federal Rule of Civil Procedure 45. If it does so, it shall ensure that its filings do not disclose to Plaintiff any identifying information concerning the affected subscriber.

6. If any motion is filed to contest the subpoena, the ISP shall not produce any subpoenaed information to Plaintiff until the Court has resolved the motion and has ordered the ISP to disclose the information.

7. The ISP shall preserve any subpoenaed information pending resolution of any

      motion to contest the subpoena.

   8. Plaintiff may use the information disclosed, once it is received by Plaintiff's counsel, only for the purpose of litigating the instant case.

IT IS FURTHER ORDERED

1. that Plaintiff may serve GitHub, Inc. ("GitHub") with a Rule 45 subpoena commanding GitHub to produce the to provide Plaintiff with the true name, address, and email address of the affected user; and

2. that GitHub produce the subpoenaed information without notice to the affected user.

The Clerk of Court is respectfully directed to terminate the Motion at ECF No. 12.

**SO ORDERED.**

**Dated:**    **April 7, 2022**
               **New York, New York**

                                                    **ANDREW L. CARTER, JR.**
                                                    **United States District Judge**