

Jason D. Jones
Partner

151 West 42nd Street, 17th Floor
New York, NY 10036

T 212.813.8279
jjones@fzlz.com

May 11, 2022

**BY ECF AND EMAIL**

Hon. Andrew L. Carter Jr.
United States District Court, Southern District of New York
40 Foley Square
New York, NY 10007

Re:  *Atlus Co., Ltd. v. John Doe 1 d/b/a Rekuiemu Games, et al.* **Case No. 1:21-cv-11102 (ALC)**

Dear Judge Carter:

We represent Plaintiff Atlus Co., Ltd. ("Atlus") in the above-captioned case. We write pursuant to Rule 2(A) of Your Honor's Individual Practices to request a pre-motion conference to file a motion for a 60-day extension of the deadline to serve the Summons and Complaint in this action pursuant to Federal Rule of Civil Procedure 4(m).

**Brief Factual and Procedural Background**

This action arises out of the two John Doe Defendants' blatant online infringement of Atlus' copyright in its *Shin Megami Tensei: Imagine* video game. The John Doe Defendants have carefully shielded their identities and, thus, Atlus has been unable to ascertain the Defendants' actual names, physical or email addresses, or telephone numbers. Atlus filed its complaint against the two John Doe Defendants on December 28, 2021. (ECF No. 1.)

On March 15, 2022, the Court issued an Order permitting Atlus to file a motion for leave to serve expedited discovery via third-party subpoenas on (i) Deluxe Corporation d/b/a ColoCrossing (the internet service provider (ISP) hosting John Doe Defendant 1's Infringing Website) and (ii) GitHub, Inc. (the platform where John Doe Defendant 2's Infringing Server is hosted), seeking information sufficient to identify each John Doe Defendant so that Atlus can serve them with the Summons and Complaint. (*See* ECF No. 11.) In this same Order, the Court extended Atlus' deadline to serve the Summons and Complaint by 60 days—until May 27, 2022. (*Id*.)

Atlus filed its motion for expedited, third-party discovery on March 18, 2022. (ECF Nos. 12-15.) On April 7, 2022, the Court granted Atlus' motion and authorized Atlus to serve Rule 45 subpoenas on both ColoCrossing and GitHub. (ECF No. 16.) The Court's April 7 Order further authorized Atlus to also serve a Rule 45 subpoena "on any service provider that is identified in response to a subpoena as a provider of Internet services to" to the John Doe Defendants. (*Id*. at 1-2.)

Hon. Andrew L. Carter, Jr.
May 11, 2022
Page 2

**Atlus' Efforts To Date to Obtain the Identities of the John Doe Defendants**

On April 8, 2022, Atlus served subpoenas on ColoCrossing and GitHub in compliance with the Court's April 7 Order, seeking the true names, physical addresses, and email addresses of the John Doe Defendants.

On April 21, 2022, GitHub responded to the subpoena by providing two email addresses for John Doe Defendant 2. GitHub confirmed that it had no further information responsive to the subpoena, and stated that "GitHub neither requests nor requires a name or physical address to create an account (only an email address), and does not possess name or physical address information beyond the email addresses produced."

ISP ColoCrossing responded to the subpoena on April 18, 2022. ColoCrossing's response indicated that the person/entity associated with the IP Address linked to John Doe Defendant 1's Infringing Website is actually a California-based company called Virtual Machine Solutions LLC ("Virtual Machine"). Upon investigation, it appears that Virtual Machine is a service hosting provider for the Infringing Website and, thus, is likely to be the entity that has a direct relationship with the creator of the contents appearing at the Infringing Website (*i.e*., John Doe Defendant 1).

Thus, on April 21, 2022, Atlus served a subpoena on Virtual Machine, requesting the names, physical addresses, and email addresses of the person or entity for whom Virtual Machine is hosting the Infringing Website. The deadline for Virtual Machine to respond to the subpoena was May 4, 2022. To date, Virtual Machine has not responded either to the subpoena or to Atlus' follow-up communications concerning the subpoena.

**The Basis For Atlus' Motion to Extend Time to Serve Complaint**

As to John Doe Defendant 2, to date the only identifying information Atlus has obtained are the two email addresses provided by GitHub. Atlus intends shortly to file with the Court a pre-motion letter with regard to Atlus' intended motion for leave to serve John Doe Defendant 2 by alternative service, namely service by email.

As to John Doe Defendant 1, Atlus is still waiting to hear from Virtual Machine with information to identify John Doe Defendant 1. If Virtual Machine does not comply with the subpoena, Atlus intends to seek leave to file a motion to compel Virtual Machine's compliance.

Pursuant to the Court's March 15 Order, the current deadline for Atlus to serve the Summons and Complaint is <u>May 27, 2022</u>. (*See* ECF No. 11.) In view of the foregoing, Atlus intends to file a motion pursuant to Federal Rule of Civil Procedure 4(m) requesting a 60-day extension of the service deadline for good cause.

Under Federal Rule of Civil Procedure 4(m), the Court "must extend the time for service for an appropriate period" if the plaintiff "shows good cause for its failure" to serve the Complaint on or before a specified deadline. Given that (1) Atlus is still attempting to obtain information necessary to identify John Doe Defendant 1 and (2) Atlus will need to move the Court for leave to serve John Doe Defendant 2 by email service, good cause exists to extend Atlus' service deadline by another

60 days. *See Strike 3 Holdings, LLC v. Doe*, 21-CV-0327 (EAW), 2021 WL 5310998, at *3 (W.D.N.Y. Oct. 12, 2021) (granting Plaintiff's motion for extension of time to serve complaint pending Plaintiff's receipt of Defendant's identifying information from an ISP; holding that "Plaintiff's inability to identify [Defendant] constitutes 'good cause' under Rule 4(m) for the requested extension."); *see also Rotten Records, Inc. v. Doe*, 15-CV-6650 (FPG), 2016 WL 9460666, at *2 (W.D.N.Y. Sept. 27, 2016) (same).

Accordingly, Atlus seeks a pre-motion conference to address its anticipated motion for a 60-day extension of time to serve the Complaint.

We appreciate the Court's attention to this matter. We are available should the Court have any questions or want to have a conference to discuss any issues with Atlus.

Respectfully submitted,

*/Jason D. Jones/*

Jason D. Jones