Jason D. Jones
David Donahue
Shelby P. Rokito
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
151 W. 42nd Street, Floor 17
New York, New York 10036
(212) 813-5900

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATLUS CO., LTD, | |
| Plaintiff, | Case No.: 1:21-cv-11102-ALC |
| v. | |
| JONATHAN SUM D/B/A REKUIEMU GAMES; and JOHN DOE D/B/A COMP_HACK, | |
| Defendants. | |

### FIRST AMENDED COMPLAINT

Plaintiff Atlus Co., Ltd. ("Atlus") for its Complaint against Defendant Jonathan Sum d/b/a "Rekuiemu Games" and Defendant John Doe d/b/a "COMP_hack" (together, "Defendants"), alleges as follows:

### NATURE OF THE ACTION

1.    Atlus is a major developer, publisher and distributor of video games. This action arises out of Defendants' blatant infringement of Atlus' copyright in its incredibly successful video game titled *Shin Megami Tensei: Imagine* (the "*Imagine* Game").

2.    The *Imagine* Game was created and initially released in Japan in 2007 as a "massively multiplayer online role-playing game," ("MMORPG") a type of video game in

which large numbers of players simultaneously interact and play the game with each other in an online world via an official game server authorized and operated by Atlus. The *Imagine* Game was subsequently released in North America and Europe. The *Imagine* Game enjoyed enormous success and amassed a large player following worldwide. In 2016, Atlus shut down service for and ceased distribution of the *Imagine* Game.

3.   In blatant violation of U.S. copyright law, Defendants—by their own admission and without any authorization—have decided to "resurrect" the *Imagine* Game. They have done this by (1) creating and operating an exact copy of the original website used by Atlus to distribute the *Imagine* Game (the "Infringing Website"); (2) creating and distributing an exact or nearly exact copy of the *Imagine* Game which users can download from the Infringing Website (the "Infringing Game"); and (3) creating and distributing an unauthorized web server—which Defendants call a "server emulator"—that emulates the original game server used by Atlus and that enables users to publicly display and play the Infringing Game online with other players (the "Infringing Server").

4.   Accordingly, Atlus bring claims for direct and contributory copyright infringement under Sections 106 and 501 of the U.S. Copyright Act of 1976, 17 U.S.C. §§ 106, 501, and for use of false copyright management information under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202. Atlus seeks injunctive relief to stop Defendants' unlawful acts complained of herein. Atlus also seeks monetary relief in an amount sufficient to compensate it for its loss, an accounting and award of Defendants' total profits flowing from their infringing activities, statutory damages under Section 1203 of the DMCA, prejudgment interest, costs and attorneys' fees, and all other relief the Court deems just and proper.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over the subject matter of this action pursuant to Section 501 of the Copyright Act, 17 U.S.C. § 501, and Sections 1331 and 1338 of the Judicial Code, 28 U.S.C. §§ 1331, 1338.

6.    This Court has personal jurisdiction over Defendants under Section 302 of the New York Civil Practice Laws and Rules because, upon information and belief, Defendants conduct, transact, and solicit business in this district, including by operating the highly interactive Infringing Website that makes the Infringing Game and Infringing Server available to users located in this State of New York and in this District. Further, upon information and belief, New York consumers have—in this District—accessed the Infringing Website, downloaded the Infringing Game, and accessed the Infringing Server. Accordingly, the events giving rise to this Complaint occurred in this State and/or had effects in this State, and Atlus is being harmed in this State.

7.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and/or 1400(a) because, upon information and belief, a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this District, and/or Defendants or their agents may be found in this district.

## PARTIES

8.    Plaintiff Atlus Co. Ltd. is a corporation organized and existing under the laws of Japan with a principal place of business at Sumitomo Fudosan Osaki Garden Tower, 1-1-1 Nishi-Shinagawa, Shinagawa-ku, Tokyo, Japan 141-0033.

9.     Upon information and belief, Defendant Jonathan Sum, doing business under the name "Rekuiemu Games," is an individual residing at 5522 Silverdale Drive, Toledo, Ohio

43612. Upon further information and belief, Defendant Sum owns the domain name *www.rekuiemu.net* associated with the Infringing Website and also operates the Infringing Website on which the Infringing Game is distributed to users. Upon information and belief, Defendant Sum has contact email addresses of *support@rekuiemu.net* and *rayerra@gmail.com*.

10.    Upon information and belief, Defendant John Doe, an entity or individual whose real identity is not yet known, does business under the name "COMP_hack." Upon further information and belief, Defendant John Doe created, operates, and maintains the Infringing Server, available at *https://github.com/comphack/comp_hack*, that encourages, assists, and facilitates Defendant Sum's infringement by enabling users to publicly display and play the Infringing Game. Upon information and belief, Defendant John Doe has contact email addresses of *compomega@tutanota.com* and *captainwo@yahoo.com*. Atlus has served expedited discovery on GitHub to try to identify the name and physical address of Defendant John Doe, but GitHub has confirmed that it does not possess a name, physical address, or other identifying information for Defendant John Doe beyond the email addresses *compomega@tutanota.com* and *captainwo@yahoo.com*. As such, Atlus intends to move the Court for leave to serve Defendant John Doe by email.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

I.    **ATLUS AND THE *IMAGINE* GAME**

11.    Atlus is one of the most successful and celebrated companies in the interactive entertainment industry, where it is best known for its role-playing video games—which have been played by millions of people around the world.

A. **The _Imagine_ Game**

12.   The _Imagine_ Game is one of several video games that comprise Atlus' well-known video game franchise, the _Shin Megami Tensei_ ("_SMT_") series.

13.   The _Imagine_ Game, the second installment in the _SMT_ series, takes place in a post-apocalyptic Tokyo following a war that has devastated humanity and resulted in an invasion of demons. A video game player, who takes on the persona of one of several different demon-busting characters, is given the option of aligning with either the "Law" or "Chaos" faction of demons and is tasked with fighting off the opposing faction.

14.   The _Imagine_ Game involves many distinct characters and many different demons, mythical creatures, dragons, beasts, evil spirits, gods, and goddesses, each of which has their own uniquely and intricately designed appearance and personality.

15.   As players navigate the captivating virtual world of the _Imagine_ Game, their quests take them to various fantastical locations and put them in various different plots and stories. Below are some screenshots from the _Imagine_ Game showing some of the characters, fantastical locations, and stories in the game:



 

16.    The audiovisual components of the *Imagine* Game—from the dynamic scenery and original music tracks to the array of characters, demons, and weapons—that appear throughout the game are the results of extensive, years-long development and design by Atlus.

17.    The *Imagine* Game was created in Japan and was first released there in 2007. The *Imagine* Game was subsequently released in North America in 2008 and in Europe in 2009.

18.    Atlus co-owns the copyright in the entire *Imagine* Game along with Cave Interactive Co., Ltd. ("Cave"), another Japanese video game developer. Atlus' copyright in the *Imagine* Game covers every aspect of the game, including without limitation all graphical and textual elements of the screens that appear in the game and all motion picture, sound recording, and other audiovisual elements of the game.

19.    As mentioned above, the *Imagine* Game was a "massively multiplayer online role-playing game," a type of video game in which large numbers of players simultaneously played the game together in an online world made possible by an official game server that was authorized and operated by Atlus in connection with the *Imagine* Game (the "*Imagine* Server").

20. The *Imagine* Game was an enormous international success. The *Imagine* Game was downloaded by approximately one million users and generated revenues equivalent to over $13 million. The *Imagine* Game also received numerous industry awards and recognition, including

but not limited to ranking #6 overall in the "Online Games with High Customer Satisfaction Ranking" put out by a prominent industry organization.

**B.  The *Imagine* Website**

21.   To access Atlus' *Imagine* Game, users would first visit Atlus' official website associated with the *Imagine* Game, which was available at *http://www.megatenonline.com/* (the "*Imagine* Website"). The *Imagine* Website contained a link that allowed users to download the *Imagine* Game. Once downloaded, users would then connect to the *Imagine* Server where they could simultaneously play the *Imagine* Game online along with many other players.

22.   Below is an image of what the *Imagine* Website (in its Japanese version) looked like:



23.   The *Imagine* Website was created in Japan and was first launched in Japan in 2007. Atlus co-owns the copyright in the *Imagine* Website with Cave.

24.   On May 24, 2016, nine years after the *Imagine* Game was first released, Atlus made the determination to shut down the *Imagine* Server and the *Imagine* Website.

## II.    DEFENDANTS' INFRINGING ACTIVITIES

### A.    The Infringing Website

25.   Upon information and belief, on or about August 2020, Defendant Sum registered the domain name *www.rekuiemu.net/*.

26.   Upon information and belief, on or around December 19, 2020, Defendant Sum (doing business as "Rekuiemu Games") created and began operating a website at *www.rekuiemu.net/* that is a blatant copy of the original *Imagine* Website. By Defendant Sum's own admission, the Infringing Website purports to "resurrect" the *Imagine* Website and the *Imagine* Game, as shown below:



27.   The Infringing Website is nearly identical in appearance to the *Imagine* Website. As shown below, the Infringing Website copies nearly every aspect of the *Imagine* Website:

 

The Infringing Website                    The *Imagine* Website

Attached hereto as **Exhibit A** is a true and correct screenshot of the Infringing Website home page (as visited on December 27, 2021).

28. Defendant Sum does not even attempt to hide the fact that the Infringing Website is a blatant copy of the original *Imagine* Website. The Infringing Website retains the original copyright attribution from the *Imagine* Website, stating at the bottom that the website is "Copyright (C) ATLUS [and] (C) CAVE"; however, Defendant Sum has also falsely added its own copyright information, claiming that the website is also "Copyright (C) REKUIEMU," as shown below:



Defendant Sum also added his own REKUIEMU logo to the Infringing Website:



29.   Upon information and belief, Defendant Sum had access to the *Imagine* Website while it was still active. Without authorization or license from Atlus or Cave, Defendant Sum copied protectable elements of the *Imagine* Website in creating the Infringing Website.

30.  Upon information and belief, Defendant Sum intentionally copied protectable elements of the *Imagine* Website in order to make the Infringing Website look essentially identical to the *Imagine* Website.

### B.        The Infringing Game

31.   In keeping with its stated intention to "resurrect" the *Imagine* Game without Atlus' authorization, the Infringing Website invites users to download the "Rekuiemu Imagine Launcher," which, upon information and belief, allows a user to install an unauthorized exact or nearly exact copy of the original *Imagine* Game onto their computer.

32.   To download the Infringing Game, a user must first "register" on the Infringing Website by creating a username and password. No other steps are required for registration. Upon information and belief, once registered the user can download the Infringing Game onto their computer via the Rekuiemu Imagine Launcher—*i.e.*, load a copy of the Infringing Game onto the user's own computer.

33.   Upon information and belief, after downloading the Infringing Game, the game automatically connects to the Infringing Server which, as discussed below, emulates the original *Imagine* Server and enables the user to play the Infringing Game online simultaneously with other users.

34.   Defendant Sum's Infringing Game copies the audiovisual components of the *Imagine* Game, including the characters, demons, weapons, scenery, landmarks, music tracks,

and sound effects. The images below show just a few examples of the audiovisual components of the *Imagine* Game that are copied wholesale in the Infringing Game:

| **Images from the *Imagine* Game** | **Images from the Infringing Game** |

 

 

 

**Images from the *Imagine* Game**

**Images from the Infringing Game**













**Images from the *Imagine* Game**          **Images from the Infringing Game**










35.   Defendant Sum actively promotes the Infringing Game on Facebook. Upon

information and belief, Defendant Sum created a Facebook group called "Rekuiemu: Imagine."

(https://www.facebook.com/RekuiemuImagine). The Facebook group's "About" page includes a link to the Infringing Website.

36.  Upon information and belief, Defendant Sum operates a Twitter profile under the account name @ImagineRekuiemu (*https://twitter.com/imaginerekuiemu*), where he promotes the Infringing Game on Twitter. The @ImagineRekuiemu Twitter profile contains a link to the Infringing Website.

### C.      The Infringing Server

37.   Atlus' official *Imagine* Server enabled the *Imagine* Game to be publicly displayed. Because the *Imagine* Game was a massively multiplayer online role-playing game, it relied upon the *Imagine* Server, which authorized users of the *Imagine* Game could access to play the *Imagine* Game simultaneously with other players located throughout the world.

38.   Upon information and belief, Defendant John Doe (doing business as "COMP_hack") created and now operates and maintains an unauthorized web server (the "Infringing Server") that John Doe designed to emulate the *Imagine* Server. In other words, John Doe's Infringing Server assists, encourages, and/or facilitates Defendant Sum's infringement of the *Imagine* Game by allowing the Infringing Game to be publicly displayed online and simultaneously played by users all around the world—*i.e.*, emulating the experience of playing the original *Imagine* Game on the *Imagine* Server. Indeed, the Infringing Website features a conspicuous icon that reads "Powered by COMP_hack" and which contains a link to the Infringing Server, as shown below:



39.  Defendant John Doe's Infringing Server is hosted on a platform called GitHub at *https://github.com/comphack/comp_hack*. A true and correct screenshot of the GitHub page on which the Infringing Server code is maintained is attached hereto at **Exhibit B** (as visited on December 27, 2021). Upon information and belief, GitHub.com is an online platform that enables software developers to make their software coding projects available to the public.

40.  According to the GitHub webpage where the Infringing Server's software code is maintained, John Doe created the Infringing Server "to revive an MMO [massively multiplayer online game] that has been shutdown [sic] (SMT: IMAGINE)."

41.  Upon information and belief, after a user downloads the Infringing Game from the Infringing Website, the user is automatically connected to the Infringing Server to play the game.

42.  Upon information and belief, both Defendants engaged and continue to engage in the above infringing activities willfully and with the knowledge that these activities constitute an infringement of Atlus' intellectual property rights.

43.     Upon information and belief, Defendants are not related to or affiliated with Atlus or Cave in any way. Upon information and belief, Defendants have not received a license or authorization from Atlus or Cave for any purpose whatsoever, including for the illegal acts described herein.

44.     Defendants' unauthorized acts as described herein have caused and will continue to cause irreparable damage to Atlus unless restrained by this Court.

## FIRST CLAIM FOR RELIEF:

### Copyright Infringement of the *Imagine* Website in Violation of 17 U.S.C. § 501 (against Defendant Sum)

45.     Atlus repeats and incorporates by reference the foregoing allegations as if fully set forth herein.

46.     The *Imagine* Website is an original and creative work of visual art that was authored in Japan and is protected under U.S. Copyright Law. Atlus is the co-owner (along with Cave) of all rights under U.S. copyright in the *Imagine* Website.

47.     Upon information and belief, Defendant Sum had access to the *Imagine* Website.

48.     Upon information and belief, after Defendant Sum had access to the *Imagine* Website, Defendant Sum infringed Atlus' copyright in the *Imagine* Website by copying the website in its entirety to create the Infringing Website and by displaying the Infringing Website online.

49.     Defendant Sum has thereby violated Atlus' copyright in the *Imagine* Website under Section 106 of the Copyright Act, 17 U.S.C. § 106, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

50.     Upon information and belief, Defendant Sum's aforesaid conduct has been undertaken knowingly, willfully, and in bad faith.

51.     Upon information and belief, Defendant Sum's infringement of the *Imagine* Website has enabled Defendants to profit illegally therefrom.

52.     Defendant Sum's conduct has caused and is causing irreparable injury to Atlus and will continue to damage Atlus unless enjoined by this Court.

53.     Atlus has no other adequate remedy at law.

## SECOND CLAIM FOR RELIEF:

### Copyright Infringement of the *Imagine* Game in Violation of 17 U.S.C. § 501 (against Defendant Sum)

54.     Atlus repeats and incorporates by reference the foregoing allegations as if fully set forth herein.

55.     The *Imagine* Game is an original and creative work of audiovisual art that was authored in Japan and is protected under U.S. Copyright Law. Atlus is the co-owner (along with Cave) of all rights under U.S. Copyright Law in the *Imagine* Game.

56.     Upon information and belief, Defendant Sum had access to the *Imagine* Game.

57.     Upon information and belief, after Defendant Sum had access to the *Imagine* Game, Defendant Sum infringed Atlus' copyright in the *Imagine* Game by reproducing the *Imagine* Game in its entirety when creating the Infringing Game, in distributing copies of the Infringing Game, and in hosting an unauthorized public performance of the Infringing Game.

58.     Defendant Sum has thereby violated Atlus' exclusive rights in the *Imagine* Game under Section 106 of the Copyright Act, 17 U.S.C. § 106, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

59.     Upon information and belief, Defendant Sum's aforesaid conduct has been undertaken knowingly, willfully, and in bad faith.

60.   Upon information and belief, Defendant Sum's infringement of the *Imagine* Game has enabled Defendants to profit illegally therefrom.

61.   Defendant Sum's conduct has caused and is causing irreparable injury to Atlus and will continue to damage Atlus unless enjoined by this Court.

62.    Atlus has no other adequate remedy at law.

### THIRD CLAIM FOR RELIEF:

**Violation of the Digital Millennium Copyright Act,
17 U.S.C. § 1202(a) (against Defendant Sum)**

63.    Atlus repeats and incorporates by reference the foregoing allegations as if fully set forth herein.

64.    Defendant Sumhas intentionally used false copyright management information ("CMI") in connection with the Infringing Website (which is simply a copy of the original *Imagine* Website), namely by including "COPYRIGHT (C) REKUIEMU" and the REKUIEMU logo on the Infringing Website.

65.    Upon information and belief, Defendant Sum knowingly inserted false CMI with the intent to facilitate or conceal the infringement of Atlus' copyright in the *Imagine* Website.

66.    Defendant Sum has violated and, upon information and belief, continues to violate, the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202.

67.    Upon information and belief, Defendant Sum's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

68.    Defendant Sum's violation of the DMCA has caused Atlus damage, and, upon information and belief, has enabled Defendants to profit illegally therefrom.

69.   Defendant Sum's violation of the DMCA has caused, and unless enjoined by this Court, will continue to cause, Atlus to sustain irreparable injury, for which Atlus has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF:

**Contributory Copyright Infringement**
**17 U.S.C. § 501 (against Defendant John Doe)**

70.   Atlus repeats and incorporates by reference the foregoing allegations as if fully set forth herein.

71.   Upon information and belief, Defendant John Doe created and now operates and maintains the Infringing Server—with full actual or constructive knowledge of Defendant Sum's infringing acts described herein—to emulate the *Imagine* Server and facilitate, assist, and materially contribute to the unauthorized public display and public performance of the Infringing Game online so that it can be simultaneously played by users all around the world.

72.   Upon information and belief, Defendant John Doe has knowingly encouraged, assisted, and materially contributed to Defendant Sum's infringement of the *Imagine* Game and Defendant John Doe has provided the mechanism or goods (*i.e.,* the Infringing Server) that facilitated such infringement.

73.   Defendant John Doe's actions, as set forth above, constitute contributory copyright infringement of Atlus' exclusive rights in the *Imagine* Game under Section 106 of the Copyright Act, 17 U.S.C. § 106, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

74.   Upon information and belief, Defendant John Doe's aforesaid conduct has been undertaken knowingly, willfully, and in bad faith.

75.   Upon information and belief, Defendant John Doe's illegal conduct has enabled Defendants to profit illegally therefrom.

76.   Defendant John Doe's conduct has caused and is causing irreparable injury to Atlus and will continue to damage Atlus unless enjoined by this Court.

77.   Atlus has no other adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.   That a permanent injunction be issued enjoining Defendants, and any of their respective officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors and assigns, and all those persons in concert or participation with any of them, and any entity owned or controlled in whole or in part by any of the Defendants, from

      a.   Infringing, inducing infringement, or contributing to infringement of the *Imagine* Game;

      b.   Infringing, inducing infringement, or contributing to infringement of the *Imagine* Website;

      c.   Distributing, reproducing, making available for download, publicly displaying, publicly performing, or transmitting the Infringing Game or another product or service that constitutes infringement of the *Imagine* Game;

      d.   Distributing, reproducing, publicly displaying, or transmitting the Infringing Website or another website that constitutes infringement of the *Imagine* Website;

e.   Distributing, reproducing, making available for download, publicly displaying, or transmitting the Infringing Server code;

f.   Providing any false CMI or removing or altering any CMI in connection with the Infringing Website or the *Imagine* Website;

g.   Conducting any business under or using any domain names that are currently being used, have previously been used, or that might be used for the purposes of distributing, reproducing, making available for download, publicly displaying, publicly performing, or transmitting either the Infringing Game, the Infringing Website, or the Infringing Server, including, but not limited to *http://www.rekuiemu.net/*;

h.   Registering, using, or maintaining in the future any domain name, regardless of ccTLD or gTLD, for the purposes of distributing, reproducing, making available for download, publicly displaying, publicly performing, or transmitting either the Infringing Game, the Infringing Website, or the Infringing Server; and

i.   Assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a)-(h) above.

2.   Directing Defendants to shut down the Infringing Website.

3.   Directing Defendants to shut down the Infringing Server hosted at any domain, address, location, platform, or internet service provider ("ISP").

4.   Directing that each of the Defendants voluntarily cancel all registrations for any domain names that are currently being used, have previously been used, or that might be used for the purposes of distributing, reproducing, making available for download, publicly displaying, or

transmitting the Infringing Game, the Infringing Website, or the Infringing Server, including, but not limited to *http://www.rekiuemu.net/* or, at Atlus' election, that Defendants transfer any such domain names to Atlus and execute all necessary documents to effectuate such transfer.

5.  Directing that in connection with the domain name *www.rekiuemu.net* and any domain name obtained by or on behalf of any of the Defendants in the future that is used for the purposes of distributing, reproducing, making available for download, publicly displaying, or transmitting either the Infringing Game, the Infringing Website, or the Infringing Server, the applicable domain name registrar or registry cancel or transfer all such domain names to Atlus at Atlus' election, upon receipt of a copy of this Court's Order.

6.  Directing that the applicable ISP providing hosting services to the Infringing Website terminate all services upon receipt of a copy of this Court's Order.

7.  Directing that GitHub cease providing hosting services to and remove the Infringing Server from the GitHub platform upon receipt of a copy of this Court's Order.

8.  Directing that in connection with (i) any website owned or operated by any of the Defendants in the future or (ii) any online platform used by any of the Defendants in the future, that is used for the purposes of distributing, reproducing, making available for download, publicly displaying, or transmitting the Infringing Game, the Infringing Website, the Infringing Server, or any other product or service that constitutes or facilitates infringement of the *Imagine* Game, that the applicable ISP or online platform providing hosting services to any such website(s) and/or server(s) terminate all services upon receipt of a copy of this Court's Order.

9.  Directing Defendants to file with the Court and serve upon Atlus, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under

penalty of perjury setting forth in detail the form and manner in which they have each complied with the permanent injunction.

10.  Awarding Atlus monetary relief including damages sustained by Atlus in an amount not yet determined.

11.  If Atlus so elects and as the Court considers just, awarding Atlus statutory damages of up to $25,000 per violation of the DMCA pursuant to 17 U.S.C. § 1203(c)(3)(B).

12.  Granting Atlus its full costs, including, as part of such costs, reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b)(4)-(5).

13.  Granting Atlus pre-judgment and post-judgment interest on each and every monetary award.

14.  Granting Atlus such other and further relief as the Court may consider equitable, just and proper.

Dated:  August 1, 2022                             FROSS ZELNICK LEHRMAN & ZISSU, P.C.

                                        By:    /s/ Jason D. Jones
                                             _____
                                               Jason D. Jones (jjones@fzlz.com)
                                               David Donahue (ddonahue@fzlz.com)
                                               Shelby P. Rokito (srokito@fzlz.com)
                                             151 W. 42nd Street, Floor 17
                                             New York, New York 10036
                                             Tel: (212) 813-5900

                                             *Attorneys for Plaintiff Atlus Co., Ltd.*