IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 11/16/2022

ATLUS CO., LTD,

                 Plaintiff,

v.

JONATHAN SUM D/B/A REKUIEMU GAMES;
and JOHN DOE D/B/A COMP_HACK,

                 Defendants.

Case No.: 1:21-cv-11102-ALC

## [PROPOSED] FINAL JUDGMENT ON CONSENT FOR PERMANENT INJUNCTION AGAINST DEFENDANT JONATHAN SUM

In this matter, Plaintiff Atlus Co, Ltd. ("Plaintiff") has asserted claims against Defendant Jonathan Sum d/b/a Rekuiemu Games ("Defendant Sum") for copyright infringement under Section 501 of the United States Copyright Act (the "Copyright Act"), 17 U.S.C. § 501 and violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202(a) (the "Civil Action"); and

Defendant Sum having been duly served with a copy of the summons and First Amended Complaint in this Civil Action and having stipulated and consented to the entry of this Final Order and Judgment on Consent for Permanent Injunction Against Defendant Jonathan Sum (the "Judgment") on the terms set forth herein; and

This Court having made the following findings and conclusions:

      A.     Plaintiff is a developer, publisher and distributor of video games and co-owns the copyright in the video game titled *Shin Megami Tensei: Imagine* (the "*Imagine* Game"), as well as co-owns the copyright in the official website associated with the *Imagine* Game (the "*Imagine* Website").

{F4759595.3}

1

B.   Plaintiff commenced the Civil Action on December 28, 2021, and filed the First Amended Complaint in the Civil Action on August 1, 2022 against Defendant Sum as well as against John Doe d/b/a COMP_hack. As to Defendant Sum, the First Amended Complaint charges that Defendant Sum has knowingly, and without authorization, (i) infringed the copyright in the *Imagine* Website by creating and operating a copy of the original Imagine Website (the "Infringing Website"), which Defendant Sum operates at *www.rekuiemu.net*; (ii) infringed the copyright in the *Imagine* Game by creating and distributing a copy of the *Imagine* Game (the "Infringing Game"), which users can download from the Infringing Website; and (iii) violated the DMCA by inserting false copyright management information ("CMI") onto the Infringing Website.

C.   The Court has jurisdiction over the subject matter of the claims against Defendant Sum pursuant to Section 501 of the Copyright Act, 17 U.S.C. § 501, and Sections 1331 and 1338 of the Judicial Code, 28 U.S.C. §§ 1331, 1338.

D.   The Court has personal jurisdiction over Defendant Sum pursuant to N.Y. C.P.L.R. § 302.

E.   Venue is proper in this District as to the claims against Defendant Sum pursuant to Sections 1391(b) and 1400(a) of the Judicial Code, 28 U.S.C. §§ 1391(b) and 1400(a).

F.   Defendant Sum acknowledges that the Court has jurisdiction over him to enforce this Judgment against him; Defendant Sum consents to entry of this Judgment; and Defendant Sum has the legal capacity to enter into this Judgment and to carry out all obligations and requirements herein.

**NOW THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED as follows:**

1.      Judgment is entered for Plaintiff and against Defendant Sum on Plaintiff's claims against Mr. Sum for copyright infringement under 17 U.S.C. § 501 and violation of the DMCA under 17 U.S.C. § 1202(a).

2.      Defendant Sum, and each of his agents, privies, servants, affiliates, employees, successors, assigns, heirs, designees, and any entity created, owned, or controlled in whole or in part by him now or in the future, are each hereby permanently enjoined and forever restrained from:

(a)     Infringing, inducing infringement, or contributing to infringement of the *Imagine* Game;

(b)     Infringing, inducing infringement, or contributing to infringement of the *Imagine* Website;

(c)     Distributing, reproducing, making available for download, publicly displaying, publicly performing, or transmitting the Infringing Game or any other product or service that constitutes infringement of the *Imagine* Game;

(d)     Distributing, reproducing, publicly displaying, or transmitting the Infringing Website or any other website that constitutes infringement of the *Imagine* Website;

(e)     Providing any false CMI or removing or altering any CMI in connection with the Infringing Website or the *Imagine* Website;

(f)     Conducting any business for the purposes of distributing, reproducing, making available for download, publicly displaying, publicly performing, or transmitting either the Infringing Game, the Infringing Website, or any other product or service that constitutes infringement of the *Imagine* Game or the *Imagine* Website;

(g)     Registering, using, or maintaining in the future any domain name, regardless of ccTLD or gTLD, for the purposes of distributing, reproducing, making available for

download, publicly displaying, publicly performing, or transmitting the Infringing Game, the Infringing Website, or any other product or service that constitutes infringement of the *Imagine* Game or the *Imagine* Website; and

        (h)    Assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a)-(g) above.

3.    Within five (5) business days of the entry of this Judgment, Defendant Sum is hereby ordered to transfer to Plaintiff the *rekuiemu.net* domain name, and to execute any documents and provide any consents necessary to effectuate such transfer.

4.    Defendant Sum is hereby ordered to immediately disable the Facebook group called "Rekuiemu: Imagine" (https://www.facebook.com/RekuiemuImagine) and the Twitter account under the name @ImagineRekuiemu (https://twitter.com/imaginerekuiemu), and any other social media accounts where Defendant Sum promotes or has promoted the Infringing Website or the Infringing Game.

5.    This Judgment shall resolve those claims and demands that were asserted in the Civil Action against Defendant Sum by Plaintiff arising out of the facts set forth in the Civil Action, as well as all defenses and counterclaims that were or could have been asserted by Defendant Sum in the Civil Action and all relief and remedies requested or that could have been requested by Defendant Sum and shall constitute a final adjudication of the merits as to any such claims, counterclaims, defenses, remedies and relief.

6.    The parties to this Judgment waive all right to appeal from entry of this Judgment.

7.    By their signatures and acknowledgments below, the parties to this Judgment understand and agree to be bound by the terms of this Judgment.

8. Defendant Sum acknowledges that his decision to enter into this Judgment has not been influenced by any promises, representations, or statements made by Plaintiff or anyone acting on its behalf other than those set forth in this Judgment.

9. This Court shall retain jurisdiction over this matter and the parties to this Judgment to enforce the terms of the Judgment and for purposes of making any other orders necessary to implement the terms of this Judgment and to punish or award damages for violation thereof. In connection with any further proceedings concerning the subject matter of this Judgment, including the enforcement of this Judgment, service on Defendant Sum will be deemed effective by e-mailing a copy of any motion papers or other pleadings to Defendant at Mr. Sum's email address, *rayerra@gmail.com*.

10. This Judgment is a final judgment terminating all claims in the Civil Action against Defendant Sum and is made part of the public record. This Judgment applies only to Defendant Sum; Plaintiff's claims against the remaining defendant (John Doe d/b/a COMP_hack) are not affected by this Judgment and this Judgment does not terminate Plaintiff's claim against Defendant John Doe d/b/a COMP_hack.

SO ORDERED:

*[signature]*

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE
Dated: 11/16/2022

STIPULATED AND AGREED:

Dated: 10/19, 2022

ATLUS CO., LTD.

By: _____
Name: *[signature]*
Title: President

Dated: 09-27, 2022

JONATHAN SUM

By: _____
Name: *[signature]*
Jonathan Sum